No. 99.—PETER MASON, plaintiff in error. *vs.* JAMES F. COOPER, Supt. W. & A. Rail Road, defendant.

[1.] The Act of 1851–'2 provides, that the superintendent of the Western & Atlantic Rail Road shall have power, with the approval of the Governor, to settle all claims against the road; and should any dispute arise which cannot be amicably adjusted, the claimant shall be authorzed to bring suit in any of the Superior Courts of the several counties of the State through which the road passes, against the superintendent in his official character, &c.: *Held*, that the rejection of a claim by the late *chief engineer*, did not entitle the party to sue the *superintendent* under this Act.

Assumpsit, in Whitfield Superior Court. Tried before Judge TRIPPE, October Term, 1855.

In this case the only question was, whether, under the Act of 1852, for organizing the Western & Atlantlic Rail Road, an action against the superintendent can be maintained, without showing a previous attempt to settle the claim amicably with him. It was shown, that before the passage of the Act, an attempt had been made to settle with William L. Mitchell, the then chief engineer of the road.

The Court below held, that the action could not be maintained; and on this decision, error is assigned.

STANSELL, for plaintiff in error.

AKIN, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The only question in this case is, whether an attempt to settle with Mr. Mitchell, the late chief engineer of the State road, and a rejection of the plaintiff's demand by that officer, will entitle Mason to sue under the Act of 1851–'2?

The first section of this Act declares, that from and after its passage, the Western & Atlantic Rail Road shall be gov-

Mason *vs.* Cooper, Supt.

erned, and its business conducted, according to the provisions of said Act, as thereinafter contained.

The second section makes it the duty of the Governor to appoint an officer, who shall be styled the superintendent of the road, and who shall give bond and security, in the sum of $20.000, for the faithful discharge of his duties, and take an oath not to do any act, from fear, favor, reward or the hope thereof; but in all things to be governed solely by regard to the interest of the State. And amongst many other important functions committed to the superintendent, it is enacted, that he shall have power, with the approval of the Governor, to settle all claims against the road; "and should any dispute arise concerning any claim which cannot be amicably settled, the claimant shall be authorized to bring suits in any of the Superior Courts of the several counties of this State, through which the said road passes, against the superintendent, in his official character," &c. (*Pamphlet Laws,* 110, 111, 112.)

A citizen who seeks redress against the State, must abide by the law as it previously stood; or he must comply with the existing Act. But under the law as it stood before 1851–'2, he had no right to legal redress upon a claim like this, notwithstanding its rejection by the chief engineer. An appeal to a Jury was only allowed in two cases: the killing of stock and the appropriation of land to the use of the road; whereas, under the present Statute, he may sue on any demand, provided a friendly adjustment cannot be made with the superintendent. The Act is, however, prospective in its operation; it confers a great boon upon the citizen. It is an act of great condescension for the State to disrobe itself of its sovereignty and litigate, in its own Courts, with a private individual, upon terms of perfect equality. Surely the party, under such circumstances, should comply strictly with the terms of the Act. Suppose Mr. Mitchell, as engineer, did reject his account? Mr. Cooper, as superintendent, may determine to allow it. Congress passed an Act in 1797, to the effect, that in suits between the United States and indi-

viduals, no claim for a credit shall be admitted upon trial, but such as shall appear to have been presented to the accounting officers of the treasury for their examination, and by them disallowed, in whole or in part, &c. (4 *Volume* p. 423, §4.) The Federal Courts have uniformly required a strict compliance with this Statute, before they would permit an individual to avail himself of any credit against the public, however well founded the claim might be. (9 *Cranch.* 213.)

As to the suit, itself, being a substitute for an attempt to settle, amicably, the idea is preposterous. This provision is a condition precedent, which nothing can dispense with, inasmuch as the law itself makes no exceptions.