F<small>RANCES</small> W<small>ALKER</small>, plaintiff in error, *vs.* J<small>AMES</small> M. S<small>PULLOCK</small>, Superintendant of the Western and Atlantic Railroad, defendant in error.

The Act of the 5th of March, 1856, entitled " An Act to define the liabilities of the several Railroad Companies of this State, for injury to persons or property, to prescribe in what counties they may be sued, and how served with process," does not apply to the Western and Atlantic Railroad.

Case, in Fulton Superior Court. Decision on demurrer, by Judge B<small>ULL</small>, at April Term, 1857.

This was an action on the case, brought by Frances Walker, the widow of Berryman Walker, deceased, against James M. Spullock, Superintendant of the Western and Atlantic Railroad.

The declaration alleges, that said Berryman Walker, the late husband of plaintiff, was hired and employed on said road. That while in the service of the defendant and employed on said Road, her husband was killed by the careless, negligent, and improper conduct of other employees and servants of said road, to-wit, on 26th of September, 1855, whereby she has been deprived of the society, company and assistance of her said husband, and is otherwise greatly injured, and has sustained damages to the amount of twenty thousand dollars.

The defendant demurred to plaintiff's declaration, on the grounds:

1st. Because plaintiff is not the executor, administrator or legal representative of Berryman Walker, deceased.

2d. Because, said Berryman Walker, at the time of the committing of the supposed wrong and injury by defendant was an employee and fellow-servant with all the other employees, servants and officers of the said Western and Atlantic Railroad.

3d. Because no statute or law of this State, giving an action or remedy when the party was killed, or died before suit brought, applies or was intended to apply to the Western and Atlantic Railroad.

After argument, the Court sustained the demurrer, on each and all the grounds therein mentioned, and dismissed plaintiff's action. To which decision and judgment, counsel for plaintiff excepts.

UNDERWOOD, HAMMOND and SON, for plaintiff in error.

OVERBY & BLECKLY, for defendant in error.

*By the Court*—BENNING, J. delivering the opinion.

Was the Court below right in sustaining the demurrer to the declaration ?

One of the grounds of the demurrer is, that " no statute or law of this State, giving an action or remedy when the party was killed, or died, before suit brought, applies, or was intended to apply to the Western and Atlantic Railroad."

The counsel for the plaintiff in error, insist, that such a statute of this State does apply to that road, viz: the statute of the 5th of March, 1856, entitled, " An Act to define the liability of the several Railroad Companies of this State, for injury to persons or property, to prescribe in what counties they may be sued, and how served with process."

Does this statute, then, apply to the Western and Atlantic Railroad ?

We think not. In the title, as we have seen, it speaks only of "Railroad Companies." In the body it does no more.

The Western and Atlantic Railroad is not a Railroad Company. That railroad is a piece of property belonging to the State, and administered by the agents of the State.

It was argued for the plaintiff in error, that the statute is a *remedial* statute, and that the rule which requires remedial

statutes to be construed liberally, would require this statute to be so construed, as to make it apply as well, to the Western and Atlantic railroad, as to the other railroads in the State.

But, in the first place, the general rule where the State is the party doing the injury, is, that there is no judicial remedy of any sort. The State cannot be sued. This is the general rule.

In the second place, this act gives *rights*, as well as, remedies. By the old law, the railroad companies were not liable to their agents for injuries to those agents, occasioned by the negligence of their fellow-agents.

We think, then, that the act does not apply to the Western and Atlantic Railroad; and therefore, that the decision of the Court below, sustaining the demurrer, was right.

It may be remarked, that there exists another reason, why this act does not support the declaration. The act was not in existence when the alleged injury happened. And the words of the act, are not such as to *require* the act to have a retroactive operation.

Judgment affirmed.