FLORIDA STATE HOSPITAL FOR THE INSANE *et al. v.* DURHAM IRON COMPANY.

No. 14070.   JULY 14, 1942.   REHEARING DENIED JULY 24, 1942.

352

*J. Tom Watson, attorney-general of Florida, Nathan Cochrell, Thomas V. Kiernan, Woodrow M. Melvin, Lewis W. Petteway,* and *John R. Wilson,* for plaintiffs in error.

*Charles H. Kirbo* and *Vance Custer,* contra.

JENKINS, Justice. 1. A sovereign State can not be sued in one of its courts except by consent of the proper authorities; and where the State is in possession of property, "it is not in the power of the judiciary to oust her" without her consent. *Printup* v. *Cherokee R. Co.,* 45 *Ga.* 365, 367; U. S. *v.* Lee, 106 U. S. 196, 204-209 (1 Sup. Ct. 240, 27 L. ed. 171) ; note in 12 Am. D. 517. Without a court of claims or a petition of right, as in England, "whoever contracts with the State trusts to the good faith of the State, unless the State sees fit to disrobe itself of its sovereignty," and by statute or other proper authority consents to suit. *Georgia Military Institute* v. *Simpson,* 31 *Ga.* 273, 277. A like rule applies in torts "where the State is the party doing the injury." *Walker* v. *Spullock,* 23 *Ga.* 436, 438. The rule not only relates to actions in personam but extends to actions in rem against money or property of the State, where the judgment will affect the State's control over or diminish its property or assets by enforcing a liability against the same. Hampton *v.* State Board of Education, 90 Fla. 88 (105 So. 323, 42 A. L. R. 1456) ; 25 R. C. L. 413, § 50; 59 C. J. 309, 313, §§ 464, 468; and cit.

2. Under this general inhibition, "any suit against an officer or agent of the State, in his official capacity, in which a judgment

can be rendered controlling the action or property of the State in a manner not prescribed by statute, is a suit against the State," and can not be brought without her consent. *Roberts* v. *Barwick*, 187 *Ga.* 691 (2), 695 (1 S. E. 2d, 713), and cit.

3. In the application of the preceding long-recognized rules, certain principles have developed, which might seem to be exceptions, but are not actually in conflict with the principles stated.

(*a*) A suit against a State officer or agent as an individual is not one against the State. Consequently, where State officers or agents are sued personally, the suit is generally maintainable, whether it be at law or in equity, and whether it be to recover property wrongfully withheld from the true owner, or to recover damages for a breach of contract or in tort for an injury to person or property, or to enjoin a threatened wrong, for acts done in violation of a statute, or under an unconstitutional statute, or for acts otherwise unauthorized and illegal. This is true even though the State officers or agents, when thus sued personally, may seek to claim immunity from suit or an absence of liability because of alleged ownership by the State of the property involved, or because they may claim a performance of the questioned acts as officials acting under legal authority. *Cannon* v. *Montgomery*, 184 *Ga.* 588 (2), 591 (192 S. E. 206); *Aiken* v. *Armistead*, 186 *Ga.* 368, 386 (198 S. E. 237), and cit.; *Dennison Mfg. Co.* v. *Wright*, 156 *Ga.* 789 (1, 4, *a*), 793, 797 (120 S. E. 120), and cit.; L. & N. R. Co. *v.* Bosworth, 209 Fed. 380, 401; State Road Dept. *v.* Tharp, 146 Fla. 745 (1 So. 2d, 868); 25 R. C. L. 414, 415, §§ 50, 51; 59 C. J. 310, 311, § 465.

(*b*) Whether or not the Georgia constitutional provision that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid" (Code, § 2-301), has the effect of giving to a citizen the right to sue the State itself in its sovereign capacity for such a claim, is not determined by those cases recognizing such a right of suit against the State Highway Board, counties and municipalities, as political divisions of the State sovereignty; since in those cases the question turned, not on whether the sovereignty was suable without its consent, but on whether it had given its constitutional or legislative consent to be thus sued. *Taylor* v. *Richmond County*, 185 *Ga.* 610-612 (196 S. E. 37), and cit.; *Hardin* v. *State Highway Board*,

185 *Ga.* 614 (196 S. E. 40) ; *Tounsel* v. *State Highway Dept.,* 180 *Ga.* 112, 114 (178 S. E. 285), and cit.; *Smith* v. *Floyd County,* 85 *Ga.* 420 (2), 423 (11 S. E. 850) ; *Purser* v. *Dodge County,* 188 *Ga.* 250, 252 (3 S. E. 2d, 574), and cit.; *City of Atlanta* v. *Green,* 67 *Ga.* 386, 388; *Moore* v. *Atlanta,* 70 *Ga.* 611 (3), 613; *Franklin* v. *Atlanta,* 40 *Ga. App.* 319, 321 (149 S. E. 326), and cit.; *Harbour* v. *Rome,* 54 *Ga. App.* 97, 98 (187 S. E. 231).

4. It has been held, on sound principles, that the acquirement of land by one State in another State will not divest the sovereignty of the latter State over this portion of its domain, and its governmental rights with respect to such property, including the power of eminent domain, and the usual rights with respect to taxation remain intact. Georgia *v.* Chattanooga, 264 U. S. 472 (44 Sup. Ct. 369, 68 L. ed. 796) ; State *v.* Holcomb, 85 Kan. 178 (116 Pac. 251, 50 L. R. A. (N. S.) 243, Ann. Cas. 1912D, 800) ; Susquehanna Canal Co. v. Com., 72 Pa. 72. But whether or not, where one State holds property in another State that is operated in the furtherance of governmental functions of the State owning the property, the State where the property is located will recognize the sovereignty of the foreign State to the extent of refusing to permit it to be sued or its property to be seized by judicial process, but will extend to it all the privileges enjoyed by the State of the judicial proceeding, unless there is some imperative rule of law to the contrary, is a question which the record in this case does not present, and therefore can not properly be determined. This is true for the reason that the declaration in attachment does not show, nor did the foreign State under its motion to quash the proceeding prove, that the land levied on was owned or operated by the foreign State in connection with or in furtherance of any part of its governmental functions. See, however, in this connection, Moore *v.* Tate, 87 Tenn. 725 (11 S. W. 935, 10 Am. St. R. 712, 718) ; Nathan *v.* Va., 1 Dallas, 77 (1 L. ed. 44) ; Paulus *v.* State, 58 N. Dak. 643 (227 N. W. 52, 54) ; Beers *v.* Ark., 20 How. 527, 529 (15 L. ed. 991) ; Garr *v.* Bright, 1 Barb. Ch. (N. Y.) 157; Dalrymple's Estate, 31 Pa. Co. 177; Tappan *v.* Western &c. R. Co., 3 Lea (Tenn.), 106; 59 C. J. 300, 301, § 459.

(*a*) There is sound authority holding that where one State acquires property in another State, not for the purpose of furthering its governmental functions, but for the purpose of entering upon

and conducting a business or commercial enterprise, such foreign State, with respect to matters pertaining to the conduct of such an enterprise, divests itself of the prerogatives of sovereignty, and becomes subject to suit either ex contractu or ex delicto. East Tenn. &c. Ry. Co. v. N., C. & St. L. Ry. Co. (Tenn. Ch. App.), 51 S. W. 202 (5), 211. See also Bank of U. S. v. Planters Bank, 9 Wheat. 904, 907 (6 L. ed. 244); Ohio v. Helvering, 292 U. S. 360 (2-4), 368 (54 Sup. Ct. 725, 78 L. ed. 1307), and cit.; Bank of Kentucky v. Wister, 2 Pet. 318, 323 (7 L. ed. 437); South Carolina v. U. S., 199 U. S. 437, 463 (26 Sup. Ct. 110, 50 L. ed. 261, 4 Ann. Cas. 737); U. S. Bank v. McKenzie, 2 Fed. Cas. 718 (2 Brock. 393).

(b) But the rule just indicated has application only to claims arising out of the conduct of the commercial business or enterprise which the foreign State may be thus engaged in; and the mere fact that a State may own and operate property for commercial purposes in another State does not break down and destroy the long-settled rules protecting a sovereignty against suits without its consent; and therefore the conduct of such a business by a foreign State within the domain of another does not open the door to promiscuous suits against such foreign sovereignty.

5. A petition must set forth the facts essential to a cause of action; and where the existence of certain facts is necessary as a condition precedent to the right to sue or recover, such facts must be pleaded. The general rule being that a State or its agency is not ordinarily subject to suit either in its own courts or in those of a sister State, one suing in this State a foreign State must allege facts that show a right to bring such suit. See *Murphy* v. *Lawrence*, 2 *Ga.* 257, 258; *Malsby* v. *Simmons Mfg. Co.*, 191 *Ga.* 477, 478 (12 S. E. 2d, 880); *Mason* v. *Cooper*, 19 *Ga.* 543, 545; Beers v. Ark., 20 How. 527, 529 (15 L. ed. 991); 59 C. J. 300, 301, 304, 305, §§ 459, 461; 49 C. J. 145, § 157.

6. Under the preceding rulings, this attachment and levy on farm land belonging to the State of Florida, followed by a declaration in attachment against the Florida State Hospital, the Governor, and other officers of Florida, "as and constituting together the Board of Commissioners of State Institutions," and seeking to recover damages in tort, were subject to the defendants' motion to quash, irrespectively and independently of any question which might have arisen had the defendants in attachment shown that

the farm was operated in furtherance of a governmental function. This is true for the reason that the plaintiff in attachment did not show that its claim in any wise originated in connection with the alleged "operating [of the] farm" by the State of Florida within this State. *Judgment reversed. All the Justices concur.*