MUSGROVE *v.* GEORGIA RAILROAD & BANKING CO.

140

No. 16178.   June 11, 1948.   Rehearing denied July 16, 28, 1948.

142

154

*Eugene Cook, Attorney-General, Claude Shaw,* and *Victor Davidson, Assistant Attorneys-General,* for plaintiff in error.

*James E. Harper, Neely, Marshall & Greene,* and *W. Inman Curry,* contra.

*Standish Thompson, J. A. McCurdy, Joel H. Terrell, C. C. King, Joseph G. Faust, A. F. Jenkins, J. Glenn Stovall, C. R. Vaughn, E. S. Sell Jr., R. G. Stephens Jr., J. R. Lunsford, Julius R. Lunsford Jr., John F. Hardin,* and *E. M. Price,* for persons at interest, not parties.

BELL, Justice. The parties will be generally referred to herein as plaintiff and defendant, as they appeared in the trial court.

The third ground of the general demurrer filed by the original defendant, then State Revenue Commissioner, and adopted by his successor, who was substituted as a party defendant, asserted that the suit "is in reality an action against the State of Georgia, and the State of Georgia has not consented to be made a party to this action or for the action to proceed against it." The defendant urges the same contention (among others) in this court, having excepted to the judgment overruling all grounds of demurrer to the petition as amended.

In the very nature of the contention stated, it is the first matter for consideration, for if this ground of demurrer was good, the judgment should be reversed without any decision upon other questions. In other words, if the suit is in reality an action against the State and the State has not consented to be thus sued, it would be entirely out of place to decide anything as to liability of the State in such proceeding.

The plaintiff does not claim that the State has in fact consented to be sued in this case, but, as to this phase, it simply contends that the suit is against the defendant as an individual, and is therefore not a suit against the State.

The suit was originally brought against the defendant "in his representative capacity as State Revenue Commissioner of the State of Georgia," but this express denomination was later stricken by amendment. Whether or not, in view of other refer-

ences to the defendant as an official which remained in the petition after such amendment, it could be said that the petition as amended is *in name* a suit against the defendant solely in his individual capacity, is immaterial, if upon a consideration of the petition as a whole, including the relief which it seeks, it appears that the action is in reality a suit against the State, brought without its consent. "Where a suit is brought against an officer or agency of the State with relation to some matter in which the defendant represents the State in action and liability, and the State, while not a party to the record, is the real party against which relief is sought, so that a judgment for plaintiff, although nominally against the named defendant as an individual or entity distinct from the State, will operate to control the action of the State or subject it to liability, the suit is in effect one against the State." *Cannon* v. *Montgomery*, 184 *Ga.* 588 (1), 591 (192 S. E. 206). See also *Roberts* v. *Barwick*, 187 *Ga.* 691 (2) (1 S. E. 2d, 713); *Florida State Hospital for the Insane* v. *Durham Iron Co.*, 194 *Ga.* 350 (21 S. E. 2d, 216); *Fleisher* v. *Duncan*, 195 *Ga.* 309 (1) (24 S. E. 2d, 15). The statement just quoted accords with the generally accepted rule, and we are of the opinion that the present suit is an action against the State within this rule. See, in this connection, 29 Am. Jur. 304-310, §§ 92-94.

The plaintiff railroad company was chartered by an act of the legislature in 1833, section 15 of which provided: "The stock of the said company and its branches shall be exempt from taxation for and during the term of seven years from and after the completion of the said railroads or any one of them: and after that, shall be subject to a tax not exceeding one-half percent per annum on the net proceeds of their investments." Ga. L. 1833, p. 256.

The company alleges that the defendant has demanded full and complete tax returns for the years 1939 through 1945, and will, unless enjoined assess against the petitioner ad valorem taxes with respect to its charter tax lines; also that "An actual controversy exists between petitioner and the defendant as to the matters and things set forth in this petition." On its part, the plaintiff contends and alleges that the quoted provision of its charter constitutes a contract between it and the State of Geor-

gia exempting it from all ad valorem taxation; and it prays for a declaratory judgment adjudicating that such alleged contract does exist, and that it is irrevocable and inviolable. It also asks that certain previous decisions, *State of Georgia* v. *Ga. R. & Bkg. Co.*, 54 *Ga.* 423; Georgia Railroad & Banking Co. v. Wright, 132 Fed. 912; Wright *v.* Ga. R. & Bkg. Co., 216 U. S. 420 (30 Sup. Ct. 242, 54 L. ed. 544), be established as res judicata in its favor and binding as against the State of Georgia and its officials as to the taxability of its railroad properties described in the petition It further prays for a perpetual injunction against the defendant and his successors in office restraining them from assessing such properties for ad valorem taxation and from endeavoring in any manner to collect ad valorem taxes thereon. All of this, be it remembered, is based upon the contention that the provision as to exemption is a contract between the plaintiff and the State of Georgia, valid and binding in perpetuity, so that the plaintiff is thus seeking a decree that would control the action and liability of the State and its officers forever, with respect to such matter.

The plaintiff alleges that the defendant claims to be proceeding under an act of the General Assembly passed in 1874 (Ga. L. 1874, p. 107) entitled "An Act to amend the tax laws of this State, so far as the same relate to railroad companies, and to define the liability of such companies to taxation, and to repeal so much of the charters of such companies, respectively, as may conflict with the provisions of this act," and under article 1, section 3, paragraph 3 of the Constitution of 1945, declaring that "All exemptions from taxation heretofore granted in corporate charters are declared to be henceforth null and void." The petition then attacks such statute as being unconstitutional and void under the contract clause of the State and Federal Constitutions, and also assails the quoted provision of the Constitution of 1945 as being in violation of such contract clause as contained in the Federal Constitution. Therefore, it is insisted by the plaintiff that the defendant is acting wholly without lawful authority, and hence that he is sued, and is properly sued, as an individual. It is thus contended that the suit is one against the defendant in his individual capacity and is not an action against the State.

It is a well-recognized general rule that a suit to restrain a State official from executing an unconstitutional statute in violation of the plaintiff's rights and to his irreparable damage is not a suit against the State, for in such a case the officer is stripped of his official or representative character and is subject in his person to the consequences of his individual conduct. See, in this connection, Dennison Mfg. Co. v. Wright, 156 Ga. 789 (120 S. E. 120); Ex parte Young, 209 U. S. 123, 160 (28 Sup. Ct. 441, 52 L. ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764); Greene v. L. & N. R. Co., 244 U. S. 499 (37 Sup. Ct. 673, 61 L. ed. 1280, Ann. Cas. 1917E, 88); Sterling v. Constantin, 287 U. S. 378 (53 Sup. Ct. R. 190, 77 L. ed. 375).

Seemingly, the same principle would apply where the officer claims to act under a provision of the State Constitution, provided such provision is void as being in violation of the United States Constitution, and is duly challenged. It has no application in the instant case, however, for, as shown above, the plaintiff is here seeking to enforce what it claims to be a contract with the State of Georgia, and the State therefore, as a corporate entity, has a distinct and direct interest in the subject-matter of the litigation, as distinguished from its mere governmental interest in the enforcement of its laws for the general welfare.

In Hampton v. State Board of Education, 90 Fla. 88 (105 So. 323, 42 A. L. R. 1456), it was said: "The rule which forbids a suit against State officers because in effect a suit against the State applies only where the interest of the State is through some contract or property right, and it is not enough that the State should have a mere interest in the vindication of its laws, or in their enforcement as affecting the public at large or the rights of individuals or corporations; it must be an interest of value in a material sense to the State as a distinct entity. Thus a suit against the Governor of a State, not by name, but solely in his official character, is a suit against the State; so also is a suit against State officers for the purpose of enforcing through them the performance of the contracts of the State, or to compel them to do acts which would impose contractual liabilities upon the State." See also the following decisions of the United States Supreme Court, where alleged contracts of States were involved: In re Ayers, 123 U. S. 443 (8 Sup. Ct. R. 164, 31 L. ed. 216);

Hans v. Louisiana, 134 U. S. 1 (10 Sup. Ct. R. 504, 33 L. ed. 842); North Carolina v. Temple, 134 U. S. 22 (10 Sup. Ct. R. 509, 33 L. ed. 849); Gunter v. Atlantic Coast Line R. Co., 200 U. S. 273, 285 (26 Sup. Ct. 252, 50 L. ed. 477). The last-mentioned case involved a claimed charter tax exemption. See also, in this connection, *Roberts* v. *Barwick,* 187 *Ga.* 691 (supra); *Florida State Hospital* v. *Durham Iron Co.,* 194 *Ga.* 350 (supra); 49 Am. Jur. 308, § 94; 59 C. J. 307, § 464. We are unable to see how the plaintiff railroad company could have an actual controversy with the defendant in his individual capacity with reference to the matters set forth in the instant petition.

Section 6 of the Declaratory Judgment Act provides: "No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding involving the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard as a party. If a statute of the State, or any order regulation of any administrative body of the State, or any franchise granted by the State is alleged to be unconstitutional, the Attorney-General of the State shall be served with a copy of the proceeding and shall be entitled to be heard." Ga. L. 1945, 137, 138; Code (Ann. Supp.), § 110-1106. In the instant case, the court ordered that the Attorney-General be served with a copy of the suit. The provision referred to, however, does not amount to consent of the State to be sued under such statute; nor has the plaintiff so contended. Compare *Roberts* v. *Barwick,* 187 *Ga.* 691 (supra).

In view of what has been said, we conclude that the present suit is in substance and effect an action against the State, and that it is not maintainable, the State not having consented to be thus sued. In the following cases the question here under consideration does not appear to have been raised by counsel or considered by the court. Georgia Railroad & Banking Co. v. Wright, 132 Fed. 912; Wright v. Georgia Railroad & Banking Co., 216 U. S. 420 (supra). These cases are therefore to be considered only as physical precedents, with little, if any, persuasive force, as to such question. There may be still other cases that would be subject to the same observation.

We do not overlook the plaintiff's allegations to the effect that there are grave doubts and uncertainties as to what remedy it

may pursue in contesting the effort of the defendant to assess its charter lines for ad valorem taxation. The petition referred to several statutes of this State relating to remedy, including injunction and affidavit of illegality, to wit: Ga. L. 1918, p. 232; Ga. L. Ex. Sess. 1937-38, p. 77; Ga. L. 1941, p. 200; Ga. L. 1943, p. 204, and prayed for a declaratory judgment as to remedy. The petition was not aided by such allegations and prayer with respect to remedies; for if, as we have held, the suit is in essence one against the State, no judgment should be rendered declaring what remedy or remedies would be available as against it, if any, as that would be a decision at least in part against the State, even though it has not consented to be sued, and is not even a party.

In Beers *v*. Arkansas, 61 U. S. 527, 529 (15 L. ed. 991), it was said: "It is an established principle of jurisprudence in all civilized nations that the sovereign can not be sued in its own courts, or in any other, without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or another State. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it." See also, in this connection, Great Northern Life Ins. Co. *v*. Read, 322 U. S. 47 (64 Sup. Ct. R. 873, 88 L. ed. 1121); Ford Motor Co. v. Department of Treasury of Indiana, 323 U. S. 459 (65 Sup. Ct. R. 347, 89 L. ed. 389); *Goldsmith* v. *Augusta & Savannah R. Co.*, 62 *Ga.* 468, 472; *Goldsmith* v. *Georgia R. Co.*, 62 *Ga.* 485, 494.

Nothing said in this opinion is intended as an expression or intimation upon any question relating to the merits of the plaintiff's contention as to exemption from ad valorem taxation, or upon any question as to what remedy, if any, the plaintiff might have if any of its money or property should be seized or levied upon for such taxes; the defendant having now done nothing more than threaten to make assessments—according to the allegations of the petition.

It follows from what has been said that the court erred in overruling ground 3 of the general demurrer to the petition. The

160

judgment overruling the demurrer on all grounds, whether general or special, should be vacated, and ground 3 of the general demurrer should be sustained and the petition dismissed, without any ruling or judgment as to other grounds, and without prejudice to either party or the State with respect thereto. And direction is given accordingly.

*Judgment reversed, with direction. All the Justices concur, except Wyatt, J., absent on account of illness, and Head, J., disqualified.*