# GEORGIA RAILROAD & BANKING CO. *v.* REDWINE, STATE REVENUE COMMISSIONER.

No. 1.   Argued February 13, 1950.—Continued February 20, 1950.—
Reargued November 26, 1951.—Decided January 28, 1952.

*Furman Smith* argued the cause for appellant. With him on the briefs was *Robert B. Troutman.*

*M. H. Blackshear, Jr.,* Assistant Attorney General of Georgia, argued the cause for appellee. With him on the brief were *Eugene Cook,* Attorney General, and *Edward E. Dorsey.*

*Victor Davidson* filed briefs on behalf of various Georgia counties and municipalities, as *amici curiae,* urging affirmance. With him on the briefs was *Standish Thompson,* and on a supplementary brief was *Harold Sheats,* for Fulton County, Georgia.

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

Appellant was incorporated in 1833 by a Special Act of the Georgia General Assembly that included a provision for exemption from taxation.[1] In 1945, the Georgia Constitution was amended to provide that "All exemptions from taxation heretofore granted in corporate charters are declared to be henceforth null and void."[2] According to appellant's complaint, appellee, who is State Revenue Commissioner, is threatening to act pursuant to this amendment by proceeding against appellant for the

[1] Ga. Laws 1833, pp. 256, 264.
[2] Ga. Const., Art. I, § III, par. III. See Ga. Laws 1945, No. 34, pp. 8, 14.

collection of ad valorem taxes for the year 1939, and all subsequent years, on behalf of the State and every county, school district and municipality through which appellant's lines run.[3]  Appellant claims that this threatened taxation would be contrary to its legislative charter and would impair the obligation of contract between appellant and the State of Georgia, contrary to Article I, Section 10 of the Federal Constitution.[4]

This latest phase[5] of appellant's frequent litigation over the tax exemption provision of its 1833 charter began when appellant filed suit against appellee's predecessor in a Georgia state court seeking injunctive and declaratory relief. Relief was denied without reaching the merits of appellant's claim when the Georgia Supreme Court held that the action was, in effect, an unconsented suit against the State which could not be maintained in the state courts. *Musgrove* v. *Georgia Railroad & Banking Co.*, 204 Ga. 139, 49 S. E. 2d 26 (1948). We dismissed an appeal from that judgment because it was based upon a nonfederal ground adequate to support it. 335 U. S. 900 (1949).

Thereafter, appellant filed this action in the District Court to enjoin appellee from assessing or collecting ad valorem taxes contrary to its legislative charter. Appellant also asked that appellee's threatened acts be adjudged in violation of a prior decree also entered by the court below and affirmed by this Court. *Wright* v.

---

[3] Ga. Code Ann., 1937, cc. 92–26, 92–27, 92–28, as amended, contains the taxation provisions which appellee is allegedly threatening to invoke against appellant.

[4] "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, . . . ." U. S. Const., Art. I, § 10, cl. 1.

[5] The cases concerning this exemption that have reached this Court are collected in *Atlantic Coast Line R. Co.* v. *Phillips*, 332 U. S. 168, 173 (1947).

*Georgia Railroad & Banking Co.,* 216 U. S. 420 (1910). A court of three judges[6] dismissed appellant's complaint for want of jurisdiction, holding that the State of Georgia had not submitted itself to the jurisdiction of the court so as to be barred by the *Wright* decree and that this action against appellee is in effect an unconsented suit against the State prohibited by the Eleventh Amendment.[7]   85 F. Supp. 749 (1949).

The Attorney General of Georgia stated at the bar of this Court that "plain, speedy and efficient" state remedies were available to appellant, particularly by appeal from an assessment by appellee.   We ordered the cause continued to enable appellant to assert such remedies. 339 U. S. 901 (1950).   After the District Court modified the restraining order which it had entered pending appeal to permit assessment, appellee held appellant liable for the full ad valorem tax and appellant appealed to the state courts.   The Georgia Supreme Court dismissed the appeal for want of jurisdiction, holding that such remedy was not available to appellant.   *Georgia Railroad & Banking Co.* v. *Redwine,* 208 Ga. 261, 66 S. E. 2d 234 (1951).   Following this decision, appellant moved for termination of the continuance of its appeal in this Court and we ordered reargument.

*First.* On reargument, the Attorney General of Georgia again maintained that "plain, speedy and efficient" remedies were available to appellant in the state courts.   If so, the District Court is without jurisdiction under 28

---

[6] Required under 28 U. S. C. (Supp. IV) §§ 2281, 2284.   *Query* v. *United States,* 316 U. S. 486 (1942).

[7] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   U. S. Const., Amend. XI.

U. S. C. (Supp. IV) § 1341.[8]  The remedies now suggested are: (1) suit for injunction in the Superior Court of Fulton County, Georgia; (2) arresting tax execution by affidavits of illegality; and (3) suing the State for refund after payment of taxes.  The first route was tried by appellant without success in the *Musgrove* litigation, *supra.* The second remedy, the present availability of which was doubted by the three Justices of the Georgia Supreme Court that considered the matter in the appeal case,[9] would require the filing of over three hundred separate claims in fourteen different counties to protect the single federal claim asserted by appellant.[10]  The third remedy, suit for refund after payment, is applicable only to taxes payable directly to the State and amounting to less than 15% of the total taxes in controversy.[11]  We cannot say that the remedies suggested by the Attorney General afford appellant the "plain, speedy and efficient remedy" necessary to deprive the District Court of jurisdiction under 28 U. S. C. (Supp. IV) § 1341.

*Second:* Passing to the jurisdictional ground upon which the District Court rested its decision, we note that

---

[8] "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

[9] 208 Ga. at 272, 66 S. E. 2d at 241.

[10] Compare *Greene* v. *Louisville & Interurban R. Co.,* 244 U. S. 499, 520 (1917), with *Matthews* v. *Rodgers,* 284 U. S. 521, 529–530 (1932).  See also *Graves* v. *Texas Co.,* 298 U. S. 393, 403 (1936).

[11] An adequate remedy as to only a portion of the taxes in controversy does not deprive the federal court of jurisdiction over the entire controversy.  *Greene* v. *Louisville & Interurban R. Co.,* note 10, *supra.*  See *Hillsborough* v. *Cromwell,* 326 U. S. 620, 629 (1946).

It was also suggested that appellant's federal claim could be raised in defense to a suit brought by appellee to recover taxes, but this is hardly a remedy that could have been invoked by appellant.

the State of Georgia was not named as a party in the District Court. But, since appellee is a state officer, the court below properly considered whether the relief sought against the officer is not, in substance, sought against the sovereign.[12] If this action is, in effect, an unconsented suit against the State, the action is barred.[13]

The District Court characterized appellant's action as one to enforce an alleged contract with the State of Georgia, and, as such, a suit against the State. But appellant's complaint is not framed as a suit for specific performance. It seeks to enjoin appellee from collecting taxes in violation of appellant's rights under the Federal Constitution. This Court has long held that a suit to restrain unconstitutional action threatened by an individual who is a state officer is not a suit against the State.[14] These decisions were reexamined and reaffirmed in *Ex parte Young*, 209 U. S. 123 (1908), and have been consistently followed to the present day.[15] This general rule has been applied in suits against individuals threatening

---

[12] *Larson* v. *Domestic & Foreign Commerce Corp.*, 337 U. S. 682, 687–688 (1949); *In re Ayers*, 123 U. S. 443 (1887).

[13] Appellant is incorporated in Georgia and a suit by it against the State of Georgia is not expressly barred by the language of the Eleventh Amendment. Nevertheless, a federal court may not entertain the action if it is a suit against the State. *Hans* v. *Louisiana*, 134 U. S. 1 (1890).

[14] *Gunter* v. *Atlantic Coast Line R. Co.*, 200 U. S. 273 (1906); *Prout* v. *Starr*, 188 U. S. 537 (1903); *Smyth* v. *Ames*, 169 U. S. 466, 518–519 (1898); *Tindal* v. *Wesley*, 167 U. S. 204 (1897); *Reagan* v. *Farmers' Loan & Trust Co.*, 154 U. S. 362 (1894); *Pennoyer* v. *McConnaughy*, 140 U. S. 1 (1891), and numerous cases cited therein.

[15] *Alabama, Comm'n* v. *Southern R. Co.*, 341 U. S. 341, 344 (1951); *Sterling* v. *Constantin*, 287 U. S. 378, 393 (1932), and cases cited therein; *Greene* v. *Louisville & Interurban R. Co.*, note 10, *supra*, at 507, and cases cited therein. See *Larson* v. *Domestic & Foreign Commerce Corp.*, note 12, *supra*, at 690–691, 704.

Appellant in this case merely seeks the cessation of appellee's allegedly unconstitutional conduct and does not request affirmative

to enforce allegedly unconstitutional taxation, including cases where, as here, it is alleged that taxation would impair the obligation of contract. *Gunter* v. *Atlantic Coast Line R. Co.,* 200 U. S. 273 (1906); *Pennoyer* v. *McConnaughy,* 140 U. S. 1 (1891); *Allen* v. *Baltimore & O. R. Co.,* 114 U. S. 311 (1885).

*In re Ayers,* 123 U. S. 443 (1887), relied upon below, is not a contrary holding. In that case, complainant had not alleged that officers threatened to tax its property in violation of its constitutional rights. As a result, the Court held the action barred as one in substance directed at the State merely to obtain specific performance of a contract with the State.[16] Since appellant seeks to enjoin appellee from a threatened and allegedly unconstitutional invasion of its property, we hold that this action against appellee as an individual is not barred as an unconsented suit against the State.[17] The State is free to carry out its functions without judicial interference directed at the

---

action by the State. Compare *Ford Motor Co.* v. *Department of Treasury,* 323 U. S. 459, 462–463 (1945); *Great Northern Ins. Co.* v. *Read,* 322 U. S. 47, 50–51 (1944); *North Carolina* v. *Temple,* 134 U. S. 22 (1890); *Hagood* v. *Southern,* 117 U. S. 52 (1886).

[16] That there is no inconsistency between the decision in *Ayers* and the cases above cited is shown by the careful differentiation of *Allen* v. *Baltimore & O. R. Co., supra,* an opinion also written by Mr. Justice Matthews. See also *Pennoyer* v. *McConnaughy,* note 14, *supra.*

[17] The fact that the Georgia Supreme Court has considered that appellee acts with official immunity does not, of course, impart immunity from responsibility to the supreme federal authority. *Ex parte Young, supra,* at 167. See also *Graves* v. *Texas Co.,* note 10, *supra,* at 403–404.

We do not find it necessary to consider whether the State of Georgia had submitted itself to the jurisdiction of the District Court in the *Wright* litigation. Unlike *Gunter* v. *Atlantic Coast Line R. Co., supra,* where additional parties were brought into the second action, appellant has limited its complaint to a request for relief against appellee alone.

sovereign or its agents, but this immunity from federal jurisdiction does not extend to individuals who act as officers without constitutional authority.

Accordingly, we find that the District Court was not deprived of jurisdiction in this case on either the ground that it is a suit against the State or that "plain, speedy and efficient" remedies are available to appellant in the state courts. Since the District Court did not determine whether appellee was bound by the *Wright* decree and did not address itself to the merits of appellant's claim, we do not pass upon these questions but remand the case to the District Court for further proceedings.

*Reversed and remanded.*

MR. JUSTICE DOUGLAS, concurring.

It is my view that appellant's suit is in reality against the State of Georgia to enjoin a breach of contract. It is the same contract that was involved in *Wright* v. *Georgia R. & Banking Co.,* 216 U. S. 420. In that case the Court held that the Contract Clause of the Constitution barred Georgia from breaching her agreement granting appellant tax immunity by legislative act.

The suit in the *Wright* case was against a state officer. But the Attorney General appeared and defended the case on the merits. It is clear to me that the Attorney General represented and spoke for the interests of Georgia in the lower court and in this Court. The Georgia Constitution and statutes authorized the Governor to allow the Attorney General to defend suits involving the State's interests. See Ga. Code of 1895, §§ 23, 220; Ga. Const. of 1877, Art. VI, § X, par. II. The decree that was entered adjudicated the rights of Georgia, declaring her bound by the contract, stating that the Acts of the Georgia Legislature involved in the litigation were "a valid and binding contract between the State of Georgia"

and the present appellant. There were no special circumstances, as in *Land* v. *Dollar,* 330 U. S. 731, that would keep the suit from being *res judicata* against the State.

I would conclude that Georgia is bound by the decree in the *Wright* case. Therefore, relief is now available in the form of an ancillary exercise of the District Court's equity jurisdiction to protect appellant's rights secured under the prior decree. *Gunter* v. *Atlantic Coast Line,* 200 U. S. 273.